UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BARBARA BOSTOCK,<br><br>  Plaintiff,<br><br>  v.<br><br>AURORA LOAN SERVICES, LLC; SAFECO INSURANCE CO. OF ILLINOIS; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and JOHN or JANE DOES 1 THROUGH 10,<br><br>  Defendants. | Case No. 1:14-cv-00329-BLW<br><br>MEMORANDUM DECISION AND ORDER |

**INTRODUCTION**

The Court has before it Defendants Aurora Loan Services, LLC and Mortgage Electronic Registration Systems, Inc.'s ("MERS") Motion to Dismiss (Dkt. 24), as well as Plaintiff Barbara Bostock's Motions to Appear (Dkts. 27, 28), which the Court will construe as a request for oral argument. After having reviewed the briefs and the record in this action, the Court has determined that oral argument will not aid the decisional process. The Court will therefore deny plaintiff's request for oral argument. The Court will grant the motion to dismiss, as plaintiff has failed to state a claim upon which relief can be granted. The Court will, however, grant plaintiff leave to amend.

## BACKGROUND

In 2014, plaintiff Barbara Bostock sued three defendants: (1) Aurora Loan Services, LLC, (2) MERS, and (3) Safeco Insurance Company. Safeco answered the complaint but the remaining two defendants ask the Court to dismiss the claims against them.

Bostock alleges that Aurora Loan Services and MERS wrongfully pursued a foreclosure action against a home she owned in Sun Valley, Idaho. Bostock missed the January and February 2009 mortgage payments on this home because she was busy attending to her elderly mother, who had fallen and broken a hip. *See Compl.*, Dkt. 1, at 1. Bostock says that in February 2009, she returned to the Sun Valley home to find significant water damage from broken pipes. Around that same time, she offered to send a check to cover the missing mortgage payments. Aurora, however, refused. As stated in the complaint: "At some point, Aurora told me that I was in foreclosure, default, and there was nothing I could do to get anything done. They refused. It was only two months, and I could not rectify anything." *Id.* at 2. Bostock says that, for this reason, she did not send a check for the amounts Aurora had previously demanded.

During the ensuing months, defendants allegedly "called and then cancelled" multiple foreclosure sales. *Id.* Ultimately, there was never a foreclosure. Instead, Bostock decided to sell the house on her own. She sold the house in 2010 and paid the amounts remaining on her mortgage. *See id.* ("I listed the home with a broker. Finally,

on December 10, 2010, I sold it.")[1]

After selling the home, Bostock sued her insurance company (Safeco), the loan servicer (Aurora), and MERS. She alleges that she "sold the house under duress for less than its value." *Id.* at 2. She further alleges that her "health has suffered tremendously from the last six years of stress due to the actions of Aurora." *Id.* at 3.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.

To survive a motion to dismiss, a complaint must contain sufficient facts, accepted as true, that "state a claim to relief that is plausible on its face." *Id.* at 570. A claim is facially plausible when the plaintiff pleads sufficient facts to allow the Court to reasonably infer that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a

---

[1] Elsewhere, documents appended to the complaint indicate that the home sold in *February* 2010, not *December* 2010. *See Fact Statement Appended to Compl.*, Dkt. 1-2, at 1 ("Finally, on February 10, 2010, I sold my home."); *see also 2005 Blaine County Treasurer Statement entitled "Payment Detail: Calendar year(s) 2005,"* Dkt. 29-1, at 23 (handwritten note indicates that Thomas Sterken "bought home 2/10/2010").

sheer possibility that the defendant acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" the defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

Two "working principles" underlie the pleading standard. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, the tenet that a court must accept as true all of the allegations in a complaint is inapplicable to legal conclusions. *Id.* "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79. Second, only a complaint stating a plausible claim for relief survives a motion to dismiss. *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Generally, under Rule 12(b)(6), the Court may not consider any evidence outside the pleadings without converting the motion into one for summary judgment and giving the non-moving party an opportunity to respond. *See* Fed. R. Civ. P. 12(d); *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

Dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009). This Circuit has held that "in dismissals for failure to state a claim, a

district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether the plaintiff will prevail but whether she "is entitled to offer evidence to support the claims." *See Hydrick v. Hunter*, 466 F.3d 676, 685 (9th Cir. 2006).

Pro se complaints are evaluated under the *Iqbal* and *Twombly* pleading standards. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). At the same time, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Pro se complaints must therefore be liberally construed, and pro se plaintiffs must receive the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).

## DISCUSSION

Liberally construing this pro se complaint, Bostock is attempting to allege claims for (1) attempted wrongful foreclosure, (2) intentional infliction of emotional distress, and (3) negligent infliction of emotional distress.[2] The Court will address each claim in turn.

---

[2] Bostock also mentions "duress" in her complaint, but Idaho does not recognize such a claim. Instead, Idaho courts have only applied duress in actions to rescind a contract or as an affirmative defense. *See, e.g.*, *Printcraft Press, Inc. v. Sunnyside Park Utils., Inc.*, 283 P.3d 757, 776-77 (Idaho 2012); *Country Cove Dev., Inc. v. May*, 150 P.3d 288, 292 (Idaho 2006).

1. **Attempted Wrongful Foreclosure**

There was never any foreclosure in this case, so the Court determines that Bostock is claiming *attempted* wrongful foreclosure. *Compl.*, Dkt. 1-2, at 2. Such an action is foreclosed under *Houpt v. Wells Fargo Bank, Nat'l Ass'n*, ___ P.3d ___, 2015 WL 9584023, at *7 (Idaho Dec. 29, 2015). In *Houpt,* Idaho Supreme Court held that "a cause of action for attempted wrongful foreclosure does not exist" under Idaho law. Idaho recognizes a claim for wrongful foreclosure, but it "does not accrue until after a foreclosure sale is completed and title is 'taken' by the purchaser." *Id.*

Because Idaho does not recognize a claim for attempted wrongful foreclosure, the Court will dismiss this claim without leave to amend.

2. **Intentional Infliction of Emotional Distress**

Turning first to the claim for intentional infliction of emotional distress (IIED), such a claim has four elements: "(1) the conduct must be intentional or reckless; (2) the conduct must be extreme and outrageous; (3) there must be a causal connection between the wrongful conduct and the emotional distress; and (4) the emotional distress must be severe." *Estate of Becker v. Callahan*, 96 P.3d 623, 628 (Idaho 2004) (quotation marks and citation omitted). "Courts have required very extreme conduct before awarding damages for the intentional infliction of emotional distress." *Id.* (quotation marks and citation omitted). More specifically, conduct that is simply unjustifiable will not suffice; instead, the conduct must be "atrocious" and "beyond all possible bounds of decency that would cause an average member of the community to believe it was 'outrageous." *Edmondson v. Shearer Lumber Prod.*, 75 P.3d 733, 741 (Idaho 2003).

In this case, Bostock alleges that after she failed to make two mortgage payments, Aurora incorrectly told her she could not reinstate her mortgage and then repeatedly noticed and canceled foreclosure sales. She alleges that Aurora "allowed [her] to make four payments at the very end, knowing that this was not permanent." *Compl.*, Dkt. 1-2, at 2. She further alleges the "MERS Board of Governors said [she] had been damaged." *Id.*

These facts, standing on their own, do not rise to the level of "extreme" and "outrageous" conduct necessary to support an IIED claim. *Cf. Davenport v. Litton Loan Servicing, LP*, 725 F. Supp. 2d 862, 884 (N.D. Cal. 2010) (foreclosing on a home "falls shy of 'outrageous,' however wrenching the effects on the borrower."). Granted, it appears that the lender was sloppy and, further, may have continued to pursue foreclosure even as Bostock was sending in payments on some form of a loan modification. But the Court simply does not have the detail necessary to conclude that Bostock has alleged the extreme and outrageous conduct necessary to support a plausible claim for IIED. In fact, as defendants point out, the only direct reference in the complaint to emotional distress is this one: "My health has suffered tremendously from the last six years of stress due to the actions of Aurora." *Compl.*, Dkt. 1-2, at 3. These sorts of allegations force defendants to guess at which specific claims plaintiff is alleging, as well as which facts might support those claims. The Court will therefore dismiss any claim for intentional infliction of emotional distress. The Court will, however, afford Bostock an opportunity to amend her complaint, as it would arguably be possible for Bostock to cure the defects in this claim by amendment.

### 3. Negligent Infliction of Emotional Distress

Regarding the claim for negligent infliction of emotional distress, Bostock must plead four elements: "(1) a duty recognized by law requiring the defendant to conform to a certain standard of conduct; (2) a breach of that duty; (3) a causal connection between the conduct and the plaintiff's injury; and (4) actual loss or damage." *Johnson v. McPhee*, 210 P.3d 563, 574 (Idaho Ct. App. 2009). "[I]n order to allege and prove a claim for negligent infliction of emotional distress there must be both an allegation and *proof* that a party claiming negligent infliction of emotional distress has suffered a physical injury, i.e., a physical manifestation of an injury *caused* by the negligently inflicted emotional distress." *Cook v. Skyline Corp.*, 13 P.3d 857, 865-66 (Idaho 2000) (emphases in original, quotation marks and citation omitted).

Here, Bostock's factual allegations are too vague to state a claim for negligent infliction of emotional distress. Generally, it is difficult to discern the facts supporting any particular element of this claim. More specifically, defendants argue that Bostock has failed to sufficiently allege that she suffered a physical injury.

Idaho courts have adopted the "physical injury" requirement "to provide some guarantee of the genuineness of the claim in the face of the danger that claims of mental harm will be falsified or imagined." *Czaplicki v. Gooding Joint Sch. Dist.*, 775 P.2d 640, 646 (Idaho 1989). Nevertheless, physical manifestations of emotional injury, such as headaches, suicidal ideation, sleep disorders, fatigue, stomach pain and loss of appetite, are sufficient to satisfy the physical injury requirement. *Id*. Bostock's brief statement that her "health has suffered tremendously from the last six years of stress due to the actions

of Aurora," *Compl.*, Dkt. 1-2, at 3, is not specific enough to support her NIED claim. This is particularly true in context; as noted above, the defendants are forced to guess that Bostock is even attempting to allege an NIED claim. And, even assuming Bostock is attempting to allege such a claim, defendants are forced to guess at which specific facts might support such a claim. The Court will therefore grant defendants' motion to dismiss the NIED claim, but it will allow Bostock the opportunity to amend her complaint to cure the defects associated with this claim.

**3.     General Challenges to the MERS System and Aurora's Ability to Foreclose**

In opposing this motion, Bostock generally challenges Aurora's authority to foreclose. *See Opp.*, Dkt. 29, at 3 ("Law says Aurora did not have the right to foreclose. Who had the right[?] Not Mers. No legal rights.") She also appears to be challenging the MERS system. *Id.* These arguments are foreclosed by the Idaho Supreme Court's decision in *Trotter v. Bank of New York Mellon,* 275 P.3d 857 (Idaho 2012).

**IT IS ORDERED that:**

1. Plaintiff Barbara Bostock's Motions to Appear (Dkts. 27, 28) are DENIED.
2. Defendants Aurora Loan Services, LLC and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss (Dkt. 24) is GRANTED WITH LEAVE TO AMEND, as set forth in this decision. ***If Plaintiff Bostock chooses to amend, she must file an amended complaint within 30 days of this Order.***



DATED: March 16, 2016

_____
B. Lynn Winmill
Chief Judge
United States District Court

**MEMORANDUM DECISION AND ORDER - 10**